UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 18-11-DLB-CJS

WILLIAM C. SHEHAN, JR.                                                                PLAINTIFF

v.                          **REPORT AND RECOMMENDATION**

DEPARTMENT OF THE TREASURY                                            DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Motion to Dismiss (R. 8) filed by Defendant Department of the Treasury, Internal Revenue Service (hereinafter "Defendant" or "IRS"). Plaintiff addressed the arguments in Defendant's Motion in his subsequently filed Motion to Stay (R. 11), and the parties appeared before the Court for a Motion Conference on June 12, 2018. Accordingly, this matter is now ripe for review pursuant to 28 U.S.C. § 636(b). (*See* R. 5). For the reasons set forth below, it will be recommended that Defendant's Motion to Dismiss be granted, and this civil action be dismissed without prejudice.

**I.    Background**

Plaintiff, proceeding *pro se*, on January 10, 2018 filed this action to compel compliance with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. (*See* R. 1). This action stems from a FOIA request submitted by Plaintiff to the IRS on July 20, 2015 as well as a similar request submitted again on December 12, 2016, seeking documents related to his criminal tax investigation.[1] (*Id.* at 8). The IRS withheld documents sought by Plaintiff, informing him that

---

[1] *See United States v. Shehan*, No. 2:10-cr-72-DLB-CJS (E.D. Ky).

certain FOIA exemptions applied to his requested disclosure of records or information. (*Id.* at 8-9). Plaintiff's suit seeks an order compelling the IRS to produce the documents withheld pursuant to his July 20, 2015 and December 12, 2016 FOIA requests. (*Id.* at 11).

In response, the IRS filed a Motion to Dismiss on February 20, 2018. (R. 8). Therein, the IRS argued that Plaintiff failed to first exhaust his administrative remedies within the IRS prior to filing suit, and is therefore barred from pursuing this action in district court. (R. 8, at 1; R. 9, at 1). The IRS asserts that in responding to Mr. Shehan's first request on September 16, 2015, it enclosed Notice 393, which explained Mr. Shehan's administrative appeal rights. (R. 9, at 3). Mr. Shehan did not appeal and merely filed a second FOIA request that was similar to the July 2015 request. (*Id.*). The IRS responded on February 2, 2017, explaining that it had already responded to Mr. Shehan's July 2015 request. (*Id.*). Plaintiff Shehan again did not appeal either of the IRS's determinations with the agency before filing the instant lawsuit. (*Id.*). Plaintiff's Complaint asserts that "[t]ime is of the essence in relation to Plaintiff's request" for the documents sought, and therefore that "[d]ue to pending time constraints, purs[u]ing administrative channels is not an option." (R. 1, at 10 ¶ 51).

In lieu of filing a Response to Defendant's Motion to Dismiss, Plaintiff filed a Motion to Stay on April 5, 2018. (R. 11). Therein, Plaintiff admitted that he learned on March 26, 2018 "that an administrative claim should be submitted to the government agencies involved in any claim prior to initiating legal action against said agencies. Shehan was not aware of this requirement and erred in filing this action a bit too soon for which he offers his apology." (*Id.* at 1-2). Mr. Shehan's Motion sought a stay of all proceedings in this civil action "pending a review and determination of Shehan's claim" by the IRS. (*Id.* at 5).

Defendant filed a Response to Mr. Shehan's Motion to Stay on April 26, 2018. (R. 12). Therein, Defendant argued that Mr. Shehan's deadlines to comply with the agency's administrative

2

remedies have long since passed, and therefore any stay in this case would be futile. (R. 12, at 3). The IRS further noted that Mr. Shehan is not without a remedy, as "[h]e is free to submit a new FOIA request to the IRS, and then file suit in federal district court after exhausting his administrative remedies for that request." (R. 12, at 4).

On June 12, 2018, the Court conducted a Motion Conference regarding Defendant's Motion to Dismiss (R. 8), as well as Plaintiff's Motion to Stay (R. 11). (*See* Minute Entry Order, R. 17). At this hearing, Plaintiff admitted that with respect to both his July 20, 2015 and December 12, 2016 FOIA requests, he did not continue to pursue the administrative remedies available through the IRS prior to initiating the instant litigation before this Court. (*See id.*). Further, Plaintiff acknowledged that the time has passed for him to do so. (*Id.*). Mr. Shehan stated that he is now aware of the procedural process required prior to initiating suit, and he agreed that dismissal of the instant suit was proper. (*Id.*).

**II.     Analysis**

To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim, the complaint must state a plausible claim for relief. *See Sykes v. United States*, 507 F. App'x 455, 457 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In order to state a plausible claim for relief under the Freedom of Information Act, 5 U.S.C. § 552, a plaintiff must allege that (1) he made a proper FOIA request; (2) the records requested fall within the purview of the statute; and (3) he has exhausted the available administrative remedies prior to bringing an action in federal court. *Sykes*, 507 F. App'x at 463 (citing *Davis v. City of Dearborn*, No. 2:09-cv-1482, 2010 WL 3476242, *6 (E.D. Mich. Sept. 2, 2010) (finding that the plaintiff failed to state a valid FOIA claim when she did not first exhaust her administrative remedies under FOIA prior to filing the action)). *See also Goldstein v. Internal Revenue Serv.*, 174 F. Supp. 3d 38, 42 (D.D.C. 2016) ("If a party believes that the agency has not responded adequately, a plaintiff is required to exhaust his

3

administrative remedies before filing a FOIA suit in federal court"); *ExxonMobil Corp. v. Dep't of Commerce*, 828 F. Supp. 2d 97, 104 (D.D.C. 2011) ("Exhaustion of administrative remedies is a prerequisite to a lawsuit under FOIA . . . . This means that a requester under FOIA must file an administrative appeal within the time limit specified in an agency's FOIA regulations or face dismissal of any lawsuit complaining about the agency's response"); *Lamb v. Internal Revenue Serv.*, 871 F. Supp. 301, 303 (E.D. Mich. 1994) ("The Freedom of Information Act requires that an individual exhaust his administrative remedies prior to filing a judicial action").  The purpose of the exhaustion requirement is to allow the agency "an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision" as well as to "allow[] the top managers of an agency to correct mistakes made at lower levels and thereby obviate[] unnecessary judicial review."  *See Oglesby v. United States Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990).

Failure to exhaust is an affirmative defense and therefore generally is best raised in a motion for summary judgment rather than a motion under Rule 12(b)(6) for failure to state a claim.  *See Anderson v. Jutzy*, 175 F. Supp. 3d 781, 786 (E.D. Mich. 2016).  When, however, the plaintiff's own representations permit adjudication of an exhaustion defense, disposition pursuant to Rule 12(b)(6) is appropriate.  *See id.* at 787.  *See also Rembisz v. Lew*, 590 F. App'x 501, 504 (6th Cir. 2014) (concluding, in a non-FOIA suit, that "statute of limitations and exhaustion issues are susceptible to resolution on a motion to dismiss if a plaintiff affirmatively pleads himself out of court").

Here, Plaintiff does not have a plausible claim for relief under the Freedom of Information Act because, by his own representations, he cannot meet the third element set forth by the Sixth Circuit Court of Appeals in *Sykes*, 507 F. App'x at 457.  Namely, Plaintiff admits that he has not exhausted the available administrative remedies through the IRS, the agency that denied his FOIA

4

requests, prior to bringing the instant action before this Court. As pointed out by the IRS, however, Plaintiff is not without remedy. He may submit a new, proper FOIA request to the IRS for the information he seeks. Should the IRS reject his request, he must timely exhaust available administrative remedies with the IRS. Only then may he initiate an action in federal court. Accordingly, dismissal is proper.

### III.   Conclusion and Recommendations

Accordingly, **IT IS RECOMMENDED** that Defendant's Motion to Dismiss (R. 8) be **granted** and this civil action be **stricken** from the active docket of this Court.

Specific objections to this Report and Recommendation must be filed with the Clerk of Court without fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within fourteen (14) days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

Dated this 18th day of June, 2018.



Signed By:
Candace J. Smith
United States Magistrate Judge

J:\DATA\Orders\civil cov\2018\18-11-DLB R&R on MTD final.docx